# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:                                )
                                      )   **JUDGE RICHARD L. SPEER**
Angela/Heath Denger                   )
                                      )   Case No. 09-33519
         Debtor(s)                    )
                                      )

## DECISION AND ORDER

This matter is before the Court on the Motion of the Debtor, Heath Denger, to Waive Financial Management Course. The Debtor set forth his current confinement in a correctional facility as the basis for his Motion. Upon consideration of the matter, the Court, for the reasons stated, must Deny the Debtor's Motion.

## DISCUSSION

After filing for bankruptcy relief, an individual debtor seeking to obtain a discharge under Chapter 7 of the Bankruptcy Code is required to complete an instructional course concerning personal financial management. 11 U.S.C. § 727(a)(11). The entry of an order of discharge may be denied to any individual debtor who fails to complete the course. *Id.* A statement regarding completion of the course must be filed with the Court. FED.R.BANKR.P. 1007(b)(7). A debtor who does not file with the court the requisite statement is subject to having their case administratively closed without the entry of a discharge. FED.R.BANKR.P. 4004(c)(1)(H).

It is provided in § 727(a)(11), however, that a debtor who does not complete a financial management course may still be entitled to the entry of a discharge if either of these exceptions applies: (1) the debtor is a person described in § 109(h)(4) of the Bankruptcy Code; or (2) the United States Trustee determines that, for a particular judicial district, a waiver of the personal financial

Angela/Heath Denger
Case No. 09-33519

management course is necessary. In this judicial district, the Northern District of Ohio, the United States Trustee has not determined that a waiver of the financial management course is necessary.[1] Accordingly, § 109(h)(4) controls the Debtor's Motion to waive the financial management course.

> Section 109(h)(4) provides:
>
> The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

For this provision, the Debtor set forth his current incarceration in a correctional facility as the basis to have his financial management course waived, explaining in his Motion:

> Heath Denger is currently incarcerated in the Southern Ohio Correctional Facility. The Correctional Facility has been contacted and has advised that there is no means by which the debtor may complete his financial management course while incarcerated. Given that the debtor will not be released prior to discharge, he hereby requests his requirement to complete the financial management course be waived.

(Doc. 21).

As set forth in § 109(h)(4), a debtor is entitled to receive a waiver of the requirement to complete an instructional course concerning personal financial management if it is shown that they

---

[1] http://www.usdoj.gov/ust/eo/bapcpa/ccde/index.htm.

Page 2

Angela/Heath Denger
Case No. 09-33519

are unable to complete the course for one of three reasons: (1) incapacity; (2) disability; or (3) active military duty in a military combat zone. These grounds are exclusive.

For these grounds, it may be stated unequivocally that a person's incarceration in a correctional facility does not qualify as being on 'active military duty in a military combat zone,' and thus does not qualify as a basis to waive the financial management course under the third ground set forth in § 109(h)(4). Similarly, the first ground for a waiver, incapacity, is not implicated simply because a person is incarcerated.

In § 109(h)(4), incapacity is defined in a limited way to mean that "the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities[.]" Contrary to this, the record in this case shows that the Debtor signed in his own capacity, and under penalty of perjury, the information contained in his bankruptcy filing. (Doc. No. 9). It, therefore, can be assumed that, inapposite to § 109(h)(4)'s definition of 'incapacity,' the Debtor was capable of making rational decisions regarding his financial responsibilities.

The remaining ground for a waiver of the financial management course is 'disability.' In general terms, 'disability' can be construed quite broadly. Black's Law Dictionary, for example, defines 'disability' as the "want of legal capability to perform an act." BLACK'S LAW DICTIONARY 461 (6th ed.1990). However, as applied to § 109(h)(4), Congress created a narrow definition, with a waiver of the financial management course on the basis of a 'disability' requiring that the debtor be "so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing . . ." Based on the narrowness of this definition, courts have generally

Page 3

Angela/Heath Denger
Case No. 09-33519

rejected overtures by debtors to equate their incarceration with a 'disability' under § 109(h)(4).[2] Prominently, for this Court, is the decision rendered by the Bankruptcy Appellant Panel for the Sixth Circuit in the case of *In re Anderson*, 397 B.R. 363 (6th Cir. B.A.P. 2008).

In *In re Anderson*, the debtor argued that his incarceration at a correctional facility was the equivalent of a disability because he was physically restricted from performing his duties. On this issue, the Court in *In re Anderson* rejected the debtor's interpretation, upholding the bankruptcy court's determination that a person's incarceration does not, alone, qualify as a 'disability' as that term is defined in § 109(h)(4). Quoting from another court's decision, the Court in *In re Anderson* opined that "[a]lthough the court is sympathetic to debtor's situation, his incarceration is not within the meaning of 'disability' intended by Congress when they drafted § 109(h)(4), and therefore debtor does not meet the exception for permanent waiver pursuant to § 109(h)(4)." *Id.* at 366, *quoting In re Star*, 341 B.R. 830, 831 (Bankr. E.D.Va. 2006).

For its decision, the Court in *In re Anderson* did note that prison officials were willing to allow the debtor to telephonically complete the financial management course had the bankruptcy court issued an order to that effect. This is unlike the situation presented here, where the Debtor has been advised that absolutely no means exist for him to complete the financial management course. The Court, however, in *In re Anderson* did not elaborate on the importance of this fact, and given the narrow definition of the term 'disability' under § 109(h)(4), this Court is not willing to make an incarcerated debtor's entitlement to a waiver of the financial management course contingent on whether prison officials are willing to accommodate a debtor in completing the course. *But see In*

---

[2]

*See In re Bindus*, 2008 WL 2902567 *2 (Bankr. N.D.Ohio 2008) (J. Kendig) (unpublished); *In re Rendler*, 368 B.R. 1 (Bankr. D.Minn. 2007); *In re Cox*, 2007 WL 4355254 (Bankr. M.D.Ga. 2007) (unpublished); *In re Vollmer*, 361 B.R. 811 (Bankr. E.D.Va. 2007); *In re Star*, 341 B.R. 830 (Bankr. E.D.Va. 2006); *In re McBride*, 354 B.R. 95 (Bankr. D.S.C. 2006).

Page 4

Angela/Heath Denger
Case No. 09-33519

*re: Vollmer*, 361 B.R. 811 (Bankr. E.D.Va. 2007) (waiver permitted for incarcerated debtor when prison would not accommodate telephone or internet access and there was no reasonable alternative.)

In straightforward terms, a debtor's incarceration, standing on its own, cannot be equated with a 'disability' for purposes of § 109(h)(4). Section 109(h)(4)'s narrow definition of 'disability' in this regard specifically requires a physical impairment, the concept of which implies a condition inherent to a person, not one which is imposed by external conditions the alleviation of which would relieve the disability. Consequently, while incarceration may erect physical barriers to a debtor seeking to complete the financial management course, a person's incarceration, being a condition imposed by the state, cannot be equated with a physical impairment because it is not an injury, defect, or characteristic of the debtor's physical makeup that prevents him from doing what is necessary to complete the management course. *In re Larsen*, 399 B.R. 634, 637 (Bankr. E.D.Wis. 2009). *See also In re Hubel*, 395 B.R. 823 (N.D.N.Y. 2008) (incarcerated debtor was not disabled for purposes of § 109(h)(4), and it was up to Congress, not the courts, to provide a remedy if this was a statutory oversight).

The inability of this Court to waive the financial management course on the basis of the Debtor's incarceration, however, does not mean that the Debtor is without any remedy. Once the Debtor's period of incarceration has come to an end, he may motion the Court to reopen his bankruptcy case for the purpose of filing the statement regarding the completion of the financial management course. If, in accordance with § 350(b), the Debtor's case is thereafter reopened, and the proper statement is filed, § 727(a)(11) would then no longer serve as an impediment to the entry of a discharge in the Debtor's favor. Additionally, the Debtor's incarceration does not prevent the Co-Debtor, Angela Denger, from filing the financial management statement required by Bankruptcy Rule 1007(b)(7).

Page 5

**Angela/Heath Denger**
**Case No. 09-33519**

   In sum, the Debtor's present incarceration does not serve as a basis under § 109(h)(4) to waive the requirement that he file a statement concerning the completion of a course in personal financial management. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

   Accordingly, it is

   **ORDERED** that the Motion of the Debtor, Heath Denger, to Waive Financial Management Course, be, and is hereby, DENIED.

   Dated: August 28, 2009

_____
Richard L. Speer
United States
Bankruptcy Judge

# *CERTIFICATE OF SERVICE*

Copies were mailed this 28th day of August, 2009, to the following parties:

Angela Denger
36 Glover Ave
Norwalk, OH 44857

Heath Denger
Southern Ohio Correctional
Inmate No: 541-161
PO Box 45699
Lucasville, OH 45699-0001

Michael B Jackson
136 W Main St
New London, OH 44851

Patti Baumgartner-Novak
3015 Navarre Ave.
#203
Oregon, OH 43616

Office of the U.S. Trustee
201 Superior Ave, E
#441
Cleveland, OH 44114

/s/ Robert C.W. Birmingham
Deputy Clerk, U.S. Bankruptcy Court